UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60288-CR-DIMITROULEAS/SNOW
18 U.S.C. § 371
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

LUKE PIERRE JR.,

Defendant.
_____/

FILED BY ___AT___ D.C.

Oct 6, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

#### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP

loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities and Individuals

5. Most Wanted Bullyz LLC ("MWB") was a Florida limited liability company with its registered principal office address in Palm Beach County, Florida.

6. Defendant **LUKE PIERRE JR.**, a resident of Palm Beach County, Florida, was the Chief Executive Officer and registered agent of MWB.

7. Bank 1 was a financial institution based in Salt Lake City, Utah, that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

8. Bank Processor 1 was a third-party company processor, based in Redwood City, California, that processed PPP loan applications for Bank 1.

9. James Stote was a resident of Broward County, Florida.

10. Phillip J. Augustin was a resident of Broward County, Florida.

11. Individual 1 was a resident of Palm Beach County, Florida.

12. Individual 2 was a resident of Broward County, Florida.

**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 371)**

13. Paragraphs 1 through 12 of the General Allegations of this Information are realleged and incorporated by reference as though fully set forth herein.

14. From on or about May 23, 2020, through on or about July 30, 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**LUKE PIERRE JR.,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with James Stote, Phillip J. Augustin, Individual 1, Individual 2, and with others known and unknown to the Acting United States Attorney, to commit an offense against the United States, that is, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means

3

of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

15. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for PPP loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the personal use of the defendant and his co-conspirators, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

16. **LUKE PIERRE JR.**, James Stote, Phillip J. Augustin, Individual 1, Individual 2, and other co-conspirators submitted and caused the submission of fraudulent PPP loan applications for MWB and other entities, via interstate wire communications.

17. The PPP loan applications submitted and caused to be submitted by **LUKE PIERRE JR.**, James Stote, Phillip J. Augustin, Individual 1, Individual 2, and other co-conspirators for MWB and other entities included falsified bank statements and payroll tax forms, among other things, and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll. **LUKE PIERRE JR.** and other co-conspirators paid James Stote, Phillip J. Augustin, and other co-conspirators kickbacks in exchange for facilitating and obtaining fraudulent PPP loans.

18.     As a result of the false and fraudulent PPP loan applications submitted as part of this scheme, Bank 1 and other participating banks disbursed millions of dollars in PPP loan proceeds, of which approximately $414,675 resulting from a fraudulent loan submitted on behalf of MWB was transferred into a bank account in the name of MWB controlled by **LUKE PIERRE JR.**

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

19.     On or about May 21, 2020, Individual 1 sent Individual 2 a text message containing the name, social security number, date of birth, mailing address, and email address of **LUKE PIERRE JR.**, along with the Taxpayer Identification Number, bank account, and routing number for MWB.

20.     On or about May 21, 2020, Individual 2 sent James Stote an email containing the name, social security number, date of birth, mailing address, and email address of **LUKE PIERRE JR.**, along with the Taxpayer Identification Number, bank account, and routing number for MWB.

21.     On or about May 23, 2020, James Stote created an online loan account for **LUKE PIERRE JR.** with Bank Processor 1.

22.     On or about May 23, 2020, **LUKE PIERRE JR.** electronically viewed and signed a PPP loan application on behalf of MWB, which application was electronically signed bearing the name "Luke Pierre Jr.," and requested a PPP loan for MWB in the amount of $414,675 based on a false representation that MWB had 21 employees and an average monthly payroll of $165,870.

23. On or about May 27, 2020, Bank 1 wired $414,675 into a business checking account ending in 8491 held in the name of MWB for which **LUKE PIERRE JR.** was the sole signer.

24. On or about May 28, 2020, **LUKE PIERRE JR.** caused a wire payment in the amount of $103,665 to be made from the MWB business checking account ending in 8491 to James Stote, the description of which was "REF STUD FEES."

25. On or about June 8, 2020, **LUKE PIERRE JR.** caused an online bank transfer of $140,000 from the MWB business checking account ending in 8491 to **PIERRE**'s individual checking account ending in 6847 in the name of "Luke D Pierre Jr."

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

26. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **LUKE PIERRE JR.**, has an interest.

27. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

28. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION

DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY

PHILIP B. TROUT
TRIAL ATTORNEY, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.
LUKE PIERRE JR.

_____ Defendant/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days    [✓]
   - II   6 to 10 days   [ ]
   - III  11 to 20 days  [ ]
   - IV   21 to 60 days  [ ]
   - V    61 days and over [ ]

   (Check only one)
   - Petty       [ ]
   - Minor       [ ]
   - Misdemeanor [ ]
   - Felony      [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

*David A. Snider*
David A. Snider
Assistant United States Attorney
Court ID No.    A5502260

\*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: LUKE PIERRE JR.**

**Case No.** _____

**Count # 1**

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeiture that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: LUKE PIERRE JR.

$200,000 Personal Surety Bond

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *David A. Snider*
AUSA:   **DAVID A. SNIDER**

Last Known Address: 333 Pine Street

West Palm Beach, FL

33407

What Facility: _____

Agent(s): FBI S/A Timothy Augustyniak

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE) (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America )<br>v. )<br>LUKE PIERRE JR., )<br>)<br>_Defendant_ ) | Case No.<br>21-60288-CR-DIMITROULEAS/LSS |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

_____
_Printed name of defendant's attorney_

_____
_Judge's signature_

__Lurana S. Snow, U.S. Magistrate Judge__
_Judge's printed name and title_